UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULA GONZALEZ,

     Plaintiff,

v.                                                                     Case No:   2:15-cv-649-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Paula Gonzalez's Complaint (Doc. 1) filed on October 16, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A.   Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.  Procedural History

On October 1, 2012, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI").  (Tr. at 90, 91, 208-215).  Plaintiff asserted an onset date of September 12, 2010.  (Tr. at 208).  Plaintiff's applications were denied initially on December 17, 2012, and on reconsideration on May 30, 2013.  (Tr. at 90, 91, 120, 121).  A hearing was held before Administrative Law Judge ("ALJ") Donna Lefebvre on June 4, 2014.  (Tr. at 41-69).  The ALJ issued an unfavorable decision on July 15, 2014.  (Tr. at 24-33).  The ALJ found Plaintiff not to be under a disability from September 12, 2010, through the date of the decision.  (Tr. at 33).

On August 28, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-5).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 16, 2015.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 19).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1]  An ALJ must

---

[1] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January

determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2015.  (Tr. at 26).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2010, the alleged onset date.  (Tr. at 26).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical degenerative disc disease status post fusion; spasmodic torticollis; and left shoulder superior labrum from anterior to posterior (SLAP) tear.  (Tr. at 26).  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 16-17).  At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform less than the full range of sedentary work with the following limitations:

> can lift up to 10 pounds occasionally and 10 pounds frequently; can stand and walk for 2 hours in an 8-hour workday with normal breaks; can sit for 6 hours in an 8-hour workday with normal breaks; can frequently reach overhead bilaterally; can

1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

> frequently climb ramps and stairs; can never climb ladders or scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; cannot have concentrated exposure to extreme cold or excessive vibration; cannot operate moving or hazardous machinery; and cannot work around unprotected heights.

(Tr. at 29).  The ALJ determined that Plaintiff was capable of performing her past relevant work as an accounting clerk, finding that this work does not require the performance of work-related activities precluded by Plaintiff's RFC.  (Tr. at 32).  The ALJ concluded that Plaintiff was not under a disability from September 12, 2010, through the date of the decision.  (Tr. at 33).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at

1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the

entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues.  As stated by Plaintiff they are:

1)      Whether the ALJ properly rejected the opinion of physical therapist, James
Stoeberl, who completed a functional capacity evaluation of Plaintiff on the
grounds that Plaintiff put forth low effort and a physical therapist is not an
acceptable medical source.

2)      Whether substantial evidence supports the ALJ's lack of limitations as to
Plaintiff's use of her left upper extremity in the RFC assessment given that the
record is replete with evidence that Plaintiff suffers from left upper extremity pain
and left cervical radiculopathy.

3)      Whether the Appeals Council erred denying Plaintiff's request for review
when Plaintiff provided additional medical evidence including the opinion of Rajan
Sareen, M.D. who saw Plaintiff one month after the ALJ's decision.

(Doc. 24 at 10, 13, 18).  First, the Court will address the issue concerning the new evidence

submitted to the Appeals Council.

## A.  New Evidence Submitted to Appeals Council

Plaintiff states that she submitted new, additional evidence to the Appeals Council

comprised of an examination report from Rajan Sareen, M.D. dated August 20, 2014, and his

opinion in the form of a medical source statement.  (Doc. 24 at 18).  Plaintiff contends that Dr.

Sareen's examination showed Plaintiff suffering from left shoulder, neck, and back pain, which

is gradually worsening and radiating a tingling and numbness in her left hand and left arm.

(Doc. 24 at 19).  Further, Plaintiff claims that Dr. Sareen found Plaintiff's grip strength in her left

hand to be reduced to 75% and that she has a reduced range of motion in several joints.  (Doc. 24

at 19).  Moreover, Plaintiff asserts that in Dr. Sareen's evaluation, he found Plaintiff to be

capable of performing handling with her left hand for 1/3 of a workday, and reaching and

fingering with her left hand for less than 1/3 of a workday.  (Doc. 24 at 19).  Plaintiff argues that

Dr. Sareen's examination notes and evaluation provide new and material evidence that relates

back to the date of the ALJ's decision demonstrating that Plaintiff is more limited than the RFC

findings by the ALJ.  (Doc. 24 at 19).  Further, Plaintiff claims that the vocational expert testified

at the hearing that manipulative limitations would preclude Plaintiff from performing her past

relevant work as an accounting clerk.  (Doc. 24 at 19).

The Commissioner argues in response that the record as a whole supports the ALJ's

decision and the additional evidence submitted to the Appeals Council does not render the ALJ's

decision contrary to the weight of the evidence.  (Doc. 26 at 18).  The Commissioner asserts that

the new evidence is from a month after the ALJ's decision and Plaintiff fails to demonstrate that

it relates back to the relevant time period.  (Doc. 26 at 18-19).  The Commissioner claims that

Dr. Sareen's findings are inconsistent with the records as a whole.  (Doc. 26 at 20).  Moreover,

the Commissioner contends that Dr. Sareen's examination of Plaintiff does not support all of the

manipulative limitations he assessed in his evaluation.  (Doc. 26 at 20).

Here, the Appeals Council received the following additional evidence relating to Dr.

Sareen:  "Medical exam and medical source statement completed by Rajan Sareen, M.D. dated

August 20, 2014."  (Tr. at 5).  The Appeals Council denied Plaintiff's request for review, stating

"[w]e found no reason under our rules to review the Administrative Law Judge's decision.

Therefore, we have denied your request for review."  (Tr. at 1).  The Appeals Council stated that

it would review the case if:  "[w]e receive new and material evidence and the decision is contrary

to the weight of all the evidence now in the record."  (Tr. at 1).  Further, the Appeals Council

considered, "the reasons you disagree with the decision and the additional evidence listed on the

enclosed Order of Appeals Council.  We considered whether the Administrative Law Judge's

action, finding, or conclusion is contrary to the weight of the evidence currently of record.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. at 2).

A claimant is generally permitted to present new evidence at each stage of her administrative process.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b).  Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis.  *Ingram*, 496 F.3d at 1261.  The Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"  *Id.* (quoting 20 C.F.R. §§ 404.970(b); 416.1470(b)).  New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'"  *Ingram*, 496 F.3d at 1261.

First, the Court must address whether the evidence submitted of Dr. Sareen is new evidence.  The examination and evaluation by Dr. Sareen of Plaintiff occurred on August 20, 2014, just over a month from the date of the ALJ's decision.  (Tr. at 535-27).  The Court finds that this evidence is new and was not considered by the ALJ when she rendered her decision.

Second, the Court will address whether the new evidence from Dr. Sareen was relevant to the time period on or before the date of the ALJ's decision.  In this case, the ALJ's decision was dated July 15, 2014.  (Tr. at 24-33).  Dr. Sareen examined Plaintiff and completed the evaluation on August 20, 2014, just over a month from the date of the decision.  (Tr. at 525-57).  Dr. Sareen noted that Plaintiff complained of left shoulder, neck and mid-back pain in the lower back area for four (4) years since she injured herself helping a patient.  (Tr. at 525).  Plaintiff reported that

her pain gradually worsened.  (Tr. at 525).  Dr. Sareen determined that Plaintiff's condition existed since September 12, 2010.  (Tr. at 527, 529).  Moreover, Dr. Sareen acknowledged that he had read the medical records before and after the onset date of disability in formulating his evaluation.  (Tr. at 529).

Upon consideration of Dr. Sareen's examination records and evaluation, the Court finds that these records relate back to the relevant time period.  The examination and evaluation occurred just over a month from the date of the ALJ's decision.  Thus, Dr. Sareen's records were close in time to the date of the ALJ's decision.  Further, Plaintiff complained to Dr. Sareen of left shoulder, neck and mid-back pain.  (Tr. at 525).  Plaintiff had a history of complaints for pain in her shoulders, neck, and back dating from September 2010.  (*See*, *e.g.*, Tr. at 316, 323, 329, 332, 337, 342, 348, 351, 480, 489).  These conditions did not develop between the date of the ALJ's decision and the date Plaintiff saw Dr. Sareen.  Further, Dr. Sareen noted that Plaintiff's complaints of pain originated four (4) years prior due to an injury at work.  (Tr. at 525).  Although Plaintiff reported that her pain is becoming worse, Plaintiff reported that it was a "gradual[]" worsening of the pain.  (Tr. at 525).  It is apparent from the record that Plaintiff's complaints of pain and related symptoms existed prior to the date of Dr. Sareen's examination and evaluation and related to the relevant time period in this case.

Third, the Court will consider whether the new evidence is material and warranting remand due to there being a reasonable possibility that the new evidence would change the administrative outcome of the case.  *See Ingram*, 496 F.3d at 1261.  Upon examination, Dr. Sareen found positive tenderness in the left shoulder and back, grip strength reduced to 75% in the left hand, dexterity decreased in the left hand, and range of motion decreased in several joints.  (Tr. at 525).  Dr. Sareen's impression was, *inter alia*, chronic shoulder, neck, and back

pain due to an injury at work.  (Tr. at 526).  His conclusions and recommendations included: Plaintiff suffers from chronic shoulder, neck and back pain; decreased range of motion in multiple joints; and decreased grip strength in the left hand.  (Tr. at 526).

In the evaluation, Dr. Sareen determined that Plaintiff's condition existed since September 12, 2010.  (Tr. at 527).  In the Medical Source Statement, Dr. Sareen found that Plaintiff was limited as follows:

- lifting less than 10 pounds, and 10-20 pounds occasionally in an 8-hour workday

- standing and/or walking to a total of less than 2 hours in an 8-hour workday

- sitting for less than 2 hours in an 8-hour workday

- less than 1/3 of the workday for climbing, balancing, stooping, bending, kneeling, crouching, and crawling

- Less than 1/3 of the workday for reaching in all directions and fingering (fine manipulation)

- 1/3 of the workday for handling

- No limitations as to feeling

- Requiring a break every 30 minutes that will last an hour or longer due to positive tenderness and positive paravertebral spasms

- Requiring hours of rest in the morning and afternoon.

(Tr. at 528).  Dr. Sareen found that Plaintiff was limited in standing, walking, and sitting due to decreased range of motion and pain.  (Tr. at 528).  Dr. Sareen attributed Plaintiff's manipulative limitations to decreased grip strength in Plaintiff's left hand.  (Tr. at 528).

The Commissioner asserts that substantial evidence supports the ALJ's decision that Plaintiff is able to perform a range of sedentary work with additional reaching, postural, and

environmental limitations. (Doc. 26 at 19). The Commissioner claims that Dr. Sareen's assessment was inconsistent with the record as a whole and his findings were not specific as to which joints had decreased range of motion. (Doc. 26 at 20).

The Court has concerns regarding the manipulative limitations found by Dr. Sareen. To recap, Dr. Sareen found Plaintiff limited in reaching all directions, handling, and fingering on the left side. In reviewing the hypothetical posed by Plaintiff's counsel at the hearing, Plaintiff's counsel asked the vocational expert if an individual with the following limitations could perform Plaintiff's past relevant work as an accounting clerk: (1) could not reach overhead bilaterally; (2) was limited to frequent reaching in all directions on the upper right extremity including handling, gross manipulation and fine manipulation (but not overhead); and (3) was limited on the left upper extremity to occasional use for reaching in all directions, gross manipulation, and fine manipulation. (Tr. at 67-68). The vocational expert responded that this individual would not be able to perform Plaintiff's past relevant work and would not be able to perform work at the sedentary level with manipulative restrictions. (Tr. at 68).

Plaintiff complained of left shoulder, neck and back pain throughout the medical records. Dr. Sareen examined Plaintiff most recently and found that she had extensive manipulative limitations. The vocational expert testified that an individual with manipulative limitations could not perform Plaintiff's past relevant work and may not be able to perform work at the sedentary level. Upon consideration of Dr. Sareen's examination record and evaluation, there is a reasonable possibility that this new evidence would change the administrative outcome. Thus, the Court finds that the Appeals Council erred in failing to review the ALJ's decision and review the new evidence submitted to it.

### III. Plaintiff's Remaining Arguments

Plaintiff's remaining arguments focus on a physical therapist's report concerning Plaintiff's limitations on the left upper extremity and whether the RFC failed to include limitations concerning Plaintiff's left upper extremity.  These issues are intertwined with the new medical evidence of Dr. Sareen submitted to the Appeals Council.  Because the Court finds that on remand, the Commissioner must evaluate the new evidence in light of all of the evidence of record, the disposition of these remaining arguments would, at this time, be premature.

### IV. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Appeals Council is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider Dr. Sareen's examination records and evaluation dated August 20, 2014, in conjunction with all other medical evidence of records.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on February 7, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties